IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL KNAUSS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 02-CV-4732 |
| | : | |
| v. | : | |
| | : | |
| BETHLEHEM HOUSING AUTHORITY, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

AMENDED ANSWER AND AFFIRMATIVE DEFENSES

1. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, accordingly, said allegations are denied.

2. Admitted.

3. Admitted.

4. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, accordingly, said allegations are denied.

5. Admitted that Plaintiff was absent for approximately 40 days between September 9, 1998 and May 6, 1999. Denied that such absences were the result of her son's disability.

6. Admitted that Plaintiff's supervisor commented on Plaintiff's frequent absences in December, 1998 and at other times during Plaintiff's employment.

7. Denied.

8. Denied.

9. Denied.

1

10. Admitted.

11. Admitted that Plaintiff's poor attendance was a factor in her unfavorable evaluations. Denied that poor attendance was Plaintiff's only performance deficiency.

12. Denied.

13. Denied.

14. Admitted that Answering Defendant terminated Plaintiff's employment on May 6, 1999. Denied that Plaintiff's employment was terminated because she had gone to the dentist. Plaintiff's unexcused absences were a factor in her termination from employment.

15. Admitted that Answering Defendant terminated Plaintiff's employment at or about 3:00 p.m. on May 6, 1999. The remaining allegations contained in Paragraph 15 of the Complaint are denied.

16. Denied.

17. Admitted that Plaintiff was informed by Pietrouchie that employees were to remain on the property during 10 minute break periods. The remaining allegations contained in Paragraph 17 of the Complaint are denied.

18. Admitted that Plaintiff's poor record of attendance was part of the reason for Plaintiff's termination from employment. Denied that Pietrouchie informed Plaintiff that she was being fired solely because of her poor attendance record. Denied that Plaintiff never received warnings or a performance evaluation for more than 2 months prior to her termination.

19. Denied.

20. Admitted that Lorenzo was granted time off pursuant to the Family and Medical Leave Act. Lorenzo's FMLA Leave was granted based upon her entitlement to such leave. The remaining allegations contained in Paragraph 20 of the Complaint are denied.

2

21. Admitted that Lorenzo's son did his school work in Pietrouchie's office on one occasion for about 45 minutes when the son was dropped off unexpectedly by his grandmother. Denied that Pietrouchie showed preference to Lorenzo with respect to Lorenzo's child care responsibilities.

22. Denied.

23. Denied.

## COUNT I

24. Answering Defendant incorporates by reference its responses to Paragraphs 1 through 23 of the Complaint as though fully set forth.

25. Denied.

26. Denied as a legal conclusion.

27. Denied.

28. Denied that Plaintiff ever performed the essential functions of her job.

29. Denied that Plaintiff ever performed the essential functions of her job.

30. Denied.

31. Denied.

32. Denied.

33. Denied that Plaintiff requested reasonable accommodations.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Admitted.

3

WHEREFORE, Answering Defendant demands judgment in its favor and against Plaintiff as to the claims asserted in the Complaint, plus costs of suit.

## COUNT II

40. Answering Defendant incorporates by reference its responses to Paragraphs 1 through 39 of the Complaint as though fully set forth.

41. Denied as a legal conclusion.

42. Denied.

43. Denied.

44. Denied as a legal conclusion. By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff's son suffers from a "serious health condition" or any health condition.

45. Denied.

46. Denied as a legal conclusion.

47. Denied.

48. Denied.

49. Denied.

WHEREFORE, Answering Defendant demands judgment in its favor and against Plaintiff as to the claims asserted in the Complaint, plus costs of suit.

## COUNT III

50. Answering Defendant incorporates by reference its responses to Paragraphs 1 through 49 of the Complaint as though fully set forth.

51. Denied as a legal conclusion.

52. Admitted.

53. Denied.

08/02/02/SL1 278494v2/50144.018

54. Denied.

55. Denied as a legal conclusion.

56. Denied.

57. Denied as a legal conclusion.

58. Denied.

WHEREFORE, Answering Defendant demands judgment in its favor and against Plaintiff upon claims asserted in the Complaint, plus costs of suit.

## COUNT IV

59. Answering Defendant incorporates by reference its responses to Paragraphs 1 through 58 of the Complaint as though fully set forth.

60. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and, accordingly, said allegations are denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

WHEREFORE, Answering Defendant demands judgment in its favor and against Plaintiff upon claims asserted in the Complaint, plus costs of suit.

## COUNT V

65. Answering Defendant incorporates by reference its responses to Paragraphs 1 through 64 of the Complaint as though fully set forth.

66. Denied.

67. Denied.

08/02/02/SL1 278494v2/50144.018

68. Denied.

69. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and, accordingly, said allegations are denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

WHEREFORE, Answering Defendant demands judgment in its favor and against Plaintiff upon the claims asserted in the Complaint, plus costs of suit.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim on which relief can be granted.

### Second Defense

Defendant acted in good faith for legitimate reasons wholly unrelated to any disability of Plaintiff's son.

### Third Defense

Plaintiff was terminated from her employment for legitimate, non-discriminatory reasons, including poor attendance, insubordination and poor work performance.

### Fourth Defense

Plaintiff has failed to exhaust her administrative remedies before the Equal Employment Opportunity Commission and/or the Pennsylvania Human Relations Commission.

08/02/02/SL1 278494v2/50144.018

### Fifth Defense

Plaintiff's claims are barred by the applicable statutes of limitations.

### Sixth Defense

Plaintiff's claims are barred by unclean hands.

### Seventh Defense

Plaintiff has failed to mitigate her damages.

### Eighth Defense

Plaintiff was not subjected to disparate treatment.

### Ninth Defense

Defendant did not act with willfulness or malice toward Plaintiff.

### Tenth Defense

Plaintiff's son was not a disabled individual, within the meaning of the Americans with Disabilities Act or the Pennsylvania Human Relations Act.

### Eleventh Defense

Plaintiff was an at-will employee.

### Twelfth Defense

Plaintiff was a probationary employee.

7

STEVENS & LEE

By _____
R. Michael Carr
Attorney I.D. No. 30202
190 Brodhead Road, Suite 200
P.O. Box 20830
Lehigh Valley, PA  18002-0830
(610) 997-5069

Attorneys for Defendant,
Bethlehem Housing Authority

CERTIFICATE OF SERVICE

       I, R. Michael Carr, Esquire, certify that on this date, I served a certified true and correct copy of the foregoing Answer and Affirmative Defenses upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, on August 2, 2002, addressed as follows:

> Donald P. Russo, Esquire
> 117 East Broad Street
> P. O. Box 1890
> Bethlehem, PA   18016-1890

 

                                              _____
Dated:  August 2, 2002                                  R. Michael Carr